Rutberg, J.
This appeal arose out of a simple business collection case where the buyer believed that the goods were defective. Edward Roach operates Sunk-ota, a business that wholesales seeds for wild birds in Worcester. Mr. Roach ordered more than nineteen tons of sunflower seed from Dakota Sunflower, a grower in South Dakota, with whom Mr. Roach had done business for several years. The seeds were shipped in fifty-pound sacks. Immediately after the seed arrived, Mr. Roach repackaged some of the seed into smaller bags for sale to his customers. Upon receipt of the initial shipment, Mr. Roach’s customer complained that the product he received was defective as it contained an unreasonably large amount of extraneous material, also known as “dockage.” Mr. Roach confirmed his customer’s complaint, determining that the goods he sold contained about forty (40%) percent dockage. He then checked the balance of what he received from Dakota Sunflower which contained a similar proportion of extraneous material. Industry standard is about five (5%) percent.
Mr. Roach was unable to undo the underlying transaction to his satisfaction, and he did not pay anything on the invoice from Dakota Sunflower. He stored the non-conforming goods for about six months and then had them destroyed. Dakota Sunflower assigned its receivable to Collection Specialists International, Inc. (“CSI”), which engaged local counsel who, in turn, commenced this action in the Worcester District Court. After a jury-waived trial, the judge ruled that Mr. Roach properly rejected the goods; therefore, he ordered judgment to be entered for Mr. Roach. The trial judge, sua sponte, found that CSI’s claims were “wholly insubstantial, frivolous and not advanced in good faith” and thereby prosecuted in violation of Mass. R. Civ. R, Rule 11. As a sanction for violating Rule 11, the trial judge ordered that CSI’s counsel pay $3,000.00 to Mr. Roach, a sum the judge determined to be a reasonable attorney’s fee for the matter. CSI has appealed both the judgment and the imposition of sanctions.
“We give due weight to the findings of the judge who has heard the testimony and who has had an opportunity to weigh the credibility of the witnesses.” Simon v. Weymouth Agricultural & Industrial Society, 389 Mass. 146, 148 (1983), citing Seder v. Gibbs, 333 Mass. 445, 446 (1956). The trial judge found that Dakota Sunflower sent goods that did not meet the industry standard, and that Mr. Roach repackaged more than three thousand pounds of the defective goods before learning of its unusually high dockage. The trial court next found that Mr. Roach notified Dakota that he was rejecting the non-conforming goods. The court then went on and confirmed that Mr. Roach indeed rejected the goods.
*92 CSI argues that Mr. Roach’s repackaging of more than one and one-half tons of sunflower seeds into bags bearing his company’s identification and containing one-fifth the original quantity as well as shipping those smaller bags to customers clearly constitute acts that were inconsistent with Dakota’s ownership of the non-conforming goods. Bevel-Fold, Inc. v. Bose Corp., 9 Mass. App. Ct. 576, 580 (1980). It is axiomatic that acceptance of goods precludes their rejection. G.L.c. 106, §2-607(2). The Uniform Commercial Code defines acceptance to include the performance of “any act inconsistent with the seller’s ownership. ...” G.L.c. 106, §2-606(1) (c). At first blush, it appears that the trial judge’s finding that the goods were rejected is inconsistent with his subsidiary finding that Mr. Roach repackaged and resold some of those goods.
However, when all of the trial judge’s findings are examined, it appears that the latter finding equally supports the inference that the repackaging was necessary to the inspection of the goods. The goods came from Dakota in bags that were not even translucent from which the amount of dockage could not be determined visually. By processing a small amount of the goods in the machine which repackaged them, Mr. Roach was able to determine the nature of the goods delivered; and he acted within days of his actual receipt of the non-conforming goods. Therefore, we will not disturb the trial court’s determination that the goods were properly rejected.
As a predicate for imposing monetary sanctions on CSI’s attorney, the trial judge found that the prosecution of this case was “wholly insubstantial, frivolous and not advanced in good faith.” The trial judge stated that the plaintiff’s case was ultimately grounded on its contention that even if the goods were defective, Mr. Roach did not reject them. While we agree with the trial judge’s analysis that the goods were rejected, the issue is close enough that its prosecution cannot be found to be either frivolous, or made in bad faith. The imposition of sanctions pursuant to Mass. R. Civ. R, Rule 11, was improper.
The imposition of monetary sanctions on CSI’s attorney pursuant to Rule 11 (a) is vacated. The judgment of the trial court is affirmed in all other respects.
So ordered.